of America are going to exceed 15 minutes per slide. Mr. Liu, the appellant. You can move that a little bit. Yeah. Thank you. Sure. Thank you, your honors, and may it please the court. I am Fred Liu, and I am court-appointed counsel for the appellant, Lance Foster, in this case. The government has already confessed error. It agrees that Counts 4 and 5 violate the Double Jeopardy Clause's prohibition on multiple punishments for the same offense. So there's no dispute that this court should vacate those counts. The dispute lies in what this court should do next, and under Section 2106 of Title 28, it's this court's obligation to decide whether it's appropriate to vacate the rest of the judgment. And that decision turns on what, in the words of the statute, would be, quote, just under the circumstances, end quote. And here, under the unusual circumstances of this case, a vacature of the rest of the judgment would be not just for two reasons. First, the only possible basis for vacating the rest of the judgment would be to let the district court take into account the vacature of Counts 4 and 5. Well, that basis is invalid because it would simply repeat the double jeopardy violation that got us here in the first place. Any increase of the existing sentences on remand to make up for the vacature of Counts 4 and 5 would be just as cumulative as the counts themselves. You have an argument that's not constitutionally based. I do. Could you present that? It seems stronger to me. Absolutely. Even if this court believes there is no constitutional problem, there still shouldn't be a vacature of the rest of the judgment because the sentences here are not interdependent. This court has remanded in cases where one count of a multi-count indictment has been vacated, but has done so with clear language in its cases, including in Falconbury and Pasquareel, that the sentences have to be interdependent for a vacature of the rest of the judgment to be appropriate. You know, Mr. Lew, I'm not sure whether my colleagues agree with me, but I find that argument strong, but I wonder whether it isn't so strong that it's against your client's interest to be arguing it. And this is what I mean. If the only change is that there's less basis for the concurrent sentence, wouldn't the logical thing for the court to do if it had the power would be to reduce the sentence? And similarly, or in addition, I don't know whether your client has been a good person while confined, but if so, you could make those kinds of arguments and try to get a reduction. So I can't get into the mind of the district judge too much, but you would think that if anything, the judge would be might raise it is causing you to steer away from the possibility that he or she might lower it. Who's the judge before, Judge Greer? Might lower it. Do you see what I'm saying? I do, Your Honor. Why is it that you're so concerned about what's less likely or going what might be more likely? My client's concern is about any possibility of the sentence going up. I mean, these are He's concerned about the adverse effects of even a small risk on remand. So that's, it might be a small risk. He's more concerned about the small risk of an additional sentence than he is about the possibility of a reduced sentence. And you've discussed that with him, I assume. Absolutely. And it's his concern that when counts are vacated, there's an inclination, for better or worse, to reimpose those sentences on remand. Of course, if this court were to open the door to resentencing without any further limited instructions on remand, the resentencing would be de novo. But the question this court is facing right now is whether to open that door at all. And the standard... We don't want us to. We don't want you to. And the standard... Your client doesn't want us to. That's correct. Would you agree that the issue before us is a truly fact-bound one of whether, based on this sentencing transcript, it appears that the district court subjectively, in a sense, did or did not rely upon or take into account the fact of the vacated sentences in determining the length of the other sentences? That's right. It is a question, Judge Kethledge, that is bound to the record that's specific in this case. So it's really just trying to get inside Judge Greer's mind. Absolutely. And I think that's why this case is different from many other cases. Are you suggesting that Judge Greer, having to impose 360 months on the counts that are going to be vacated, didn't take that into account when he gave your client a low end of the guideline sentence on count one? I am, Your Honor. And my best proof of that is on page 68 of the sentencing transcript. Where he says that. Exactly. In the district court, it was actually my client's submission that the court, that the district court, view all the sentences as a single sentencing package. It was our argument that the court should impose the mandatory minimum on the drug offenses to take into account the fact that Mr. Foster was going to receive a mandatory consecutive 30-year sentence on the gun charges. So we were actually, the party in the district court, arguing for an interdependent, interlocking, single package sort of view of the sentences. And the court rejected that outright. It said it wouldn't be appropriate for the court to take into account. Well, and therefore, I read Judge Greer's comments in that regard differently. It just seems to me that what Judge Greer was saying was, is that the criminality which is not one, needs to be punished under the 3553 factors, recognizing that the guidelines are the starting point. I don't read anything more into that than that. You obviously feel differently. Well, I think it would have been easy, I do feel differently, I think it would have been easy for the district judge to have said, well, look, I'm not going to give you the mandatory minimum. There is still some seriousness to these drug charges. But what I'm going to do is I'm going to take off a little bit from those drug charges to take into account. Would your argument be stronger in this regard if he gave you a variance on count one, downward? Absolutely, because that would reflect the argument that we submitted in the district court. So why is it, so Judge Greer's conclusion to give low end of the guidelines, in other words, using that as a starting point, apparently he found no reason to vary or depart. And in the context of having to give your client 360 months on the gun counts, gave the low end of the guidelines, why shouldn't Judge Greer be given the opportunity to say, given the fact that I don't have to give him 360 months on the gun counts, I'm going to give him a middle of the guideline range count, sentence on count one, because that's sufficient punishment under the circumstances? Well, it's because it's the government's burden to prove that that is what Judge Greer was thinking. It's certainly possible for a district judge to take that view of the sentences, but the issue before this court is whether the record reflects that and whether the government has met its burden of proving that. That's a consequence of the Supreme Court's decision in U.S. Bancorp, which makes clear that it's the burden of the parties seeking to alter the status quo of the judgment to prove that it's entitled to that equitable remedy of a vacature. So while it's certainly true that a judge in the abstract could have viewed these sentences in the way you just described, Judge Maloney, there's nothing in this sentencing transcript that indicates that. I don't know about the word nothing, and this is parsing the transcript pretty closely, but Judge Greer on page 68 says, It also would not be appropriate for me to simply look at the 30 years that he's got to do on these counts. And he goes on to say, I frankly don't feel like it's appropriate for me to consider that in that way. And why couldn't one argue that Judge Greer, what he's actually saying is, not that he's going to put the 30 years out of mind altogether, but that what he's rather saying is the 30 years isn't itself dispositive of what he should do, and he needs to consider the 3553 factors, but it still might have some effect on what he does. Well, Judge Kethledge, I think it would have been easy for Judge Greer, if that's what he was thinking, to have said it in that very paragraph and said, Look, I'm not going to simply look at it, but I will take it into account a little bit. I do accept the merits of your argument, Mr. Foster, to some extent. But in a 70-page transcript, Judge Greer made no mention of that fact. The best indication we have in the transcript is his rejecting an interdependence argument. And I don't think on that basis this Court can conclude that the government has met its burden. I guess I was a little puzzled. In this excerpt that we've been parsing, he says, This doesn't cause me to impose the minimum on the drug count. But then he turned around and imposed the minimum on the drug count anyway? No, no, Your Honor. The minimum on the drug count was a 60-month sentence. What he did do was impose a 262-month sentence. So he did not turn around and impose the minimum. He, in the end, imposed a sentence that is still quite substantial. I'm confused because Judge Maloney said that it was a minimum. No, the guideline minimum is what I was referring to. Oh, and you think here the judge is talking about the statutory minimum? That's correct. That was your argument, was to go down to the statutory minimum? That's correct. And that's clear in context if you look on page 6. Because that would have been a variance to impose that minimum. Exactly. I see. So he's basically saying, And so I ought to grant a variance on the drug count, but I'm not going to. He's not going to. And he did that in the face of an argument that asked him to view the sentences interdependently. Thank you for that clarification. And I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Mr. Leal. Good morning. May it please the Court. I'm Luke McLaurin, here on behalf of the United States. The government agrees with the defendant that counts 4 and 5 should be vacated on double jeopardy grounds. However, because the district court in this case crafted a total sentencing package, which was designed to take into account all of the defendant's relevant criminal conduct, the proper remedy in this case is a remand for resentencing as to the non-vacated counts so that the district court, in its discretion, can determine whether a reconfiguration of the sentencing package is needed in order to effectuate the district court's original sentencing intent. Mr. McLaurin, I want to ask you the opposite of the same question I asked your opposing counsel. I'm kind of surprised you're arguing this, because it's hard for me to see why logically the judge would do anything other than do what he's requesting or give a lower sentence. I mean, there were concurrent sentences, one of which is thrown out. Wouldn't that, if anything, suggest that that concurrent sentence would be less rather than more? I mean, if you have two, what is it, 120? I'm trying to see. Consecutive terms of 60, you have 120 months on counts 4 and 6, and one of those is thrown out. So now it's 120 months on one of those but not the other, right? If that were all you have, the only logical thing to do would be to give less rather than to give more. It wouldn't make sense to increase the, logically, I'm not saying whether it's legally allowed under the Constitution, but logically it wouldn't make sense to give a greater sentence when there's fewer counts that are concurrent, would it? Well, it might, Your Honor. But the point here is our position is not based on any sort of prediction that the district court is going to go higher, going to go lower. In fact, we acknowledge that this is... I'm trying to ask in a kind of indirect way how it's possible logically to give a greater sentence. I don't see how it's possible logically when you have two aspects that are thrown out. One is a concurrent sentence, and throwing that out only lessens the basis for whatever that concurrent sentence was. And the other is a 300-month addition which, when taken away, reduces the guidelines by the exact same amount. Yes, but... And which the judge has said explicitly, I'm not going to let it affect the rest of my analysis. It's actually that latter point. I don't think that's what the sentencing transcript says, and I'll come to that in a moment. But to respond to your first question about why the district court might do something different, I think it gets at the whole idea of what's going on at sentencing, and this is a sentencing package. The district court is looking at all of these sentences that are available to it. To just take the concurrent part, you'd have to agree that there's no sense to giving something higher. If you had a hypothetical sentence where you were given 120 months for three crimes, and one of them gets reversed, or one of them is double jeopardy, whatever it is, and now it goes back for resentencing on the two crimes, it's illogical, even if permitted, then to give a higher sentence when there's just less. Wouldn't you say it's with regard to that, in that hypothetical? Perhaps, Judge. How could it perhaps not? We have concurrent sentences. I mean, we don't know what. Why isn't the answer yes, sure, instead of perhaps? I don't understand that. It depends on what the district court's original sentencing intent was, and I would think it's very likely that in that case what you're going to have is simply the same sentence imposed. I think in this case, though, you have to look at the fact that there is a second 924C, and I think there's been a lot of mischaracterization of what actually happened at the sentencing transcript. I think if you look very carefully what was going on. We have it in front of us. I want to parse this very carefully because I think it's important to the resolution of this question. The argument the defendant had made was, look, I'm facing a mandatory minimum of 30 years on the two 924Cs, and I have a mandatory minimum of five years on the drug counts, and just give me that. Just give me the mandatory minimum. And what Judge Greer said is, I'm not going to do that because I don't think that satisfies what I have to do under 3553A, which is impose a sentence that's sufficient but no greater than necessary. And if you look at what he says, the reason he says he doesn't think that the five-year mandatory minimum is enough is he says, it doesn't clear that I'm reading from the top of page 68, page ID number 1271 of the sentencing transcript. It doesn't clearly take into account the seriousness of the offense, nor does it take into account the violent nature of the circumstances of the offense, the kidnapping, the robbery, the beating, the use of a firearm, although that is taken into account by the other mandatory minimum. I would suggest that that comment right there indicates that what the judge is trying to do is figure out a total sentencing package. He's accounting for the fact that, yes, there are mandatory minimums in place here. And I think that that suggests that because there was a mandatory minimum, his ruling here, what he's saying is 35 years isn't sufficient for this defendant. Why doesn't this passage hurt you? I mean, he's saying, look, these mandatory minimums don't take into account the seriousness, et cetera, the 3553 as to these other counts. And so he presumably already has done that in this sentence. So why would we send it back to him to sort of do that again? I mean, the district court, if we take him at his word, he's already done the 3553 as to the remaining counts. Why shouldn't we just leave it there? Well, he's saying that he's trying to craft a total sentence as to all of the counts. I don't see the words total sentence or package anywhere. I mean, is package in this transcript somewhere or total sentence? Well, the total sentence part is in the transcript at the end where he explains, you know, for an effective sentence of 622 months. So you see that he's trying to construct a sentence in a certain way to arrive at a total sentence. The district court doesn't use this language. And I wanted to clarify one legal point. The defendant suggested that it's somehow our burden to show. I mean, let's talk about my question, though. Okay. Why doesn't this transcript suggest that he's already done the 3553 as to the remaining counts and that you, therefore, maybe you're right, maybe not, but that the government hasn't borne its burden in this appeal to demonstrate that these are interdependent? Well, I think when you look at the language that I pointed to on page 68, another part where he said to simply say, well, that's enough for all this, or that's enough in combination with the five-year mandatory minimum, simply requires me to ignore the seriousness of the drug charge. So I think what's best being read here is not the district court saying, I'm considering these sentences independently. He's just rejecting an argument that 35 years is enough. He's saying it's not sufficient. And our point is he ultimately determines that 622 months is no greater than necessary under 3553A. Now, part of that calculus, I mean, he knows when he's reaching that determination that he's got mandatory 30 years. So our point is that if the judge knew that he didn't have a mandatory 30 years, he might have structured the sentences differently. And I think the sentencing transcript indicates that what the judge was trying to do was to achieve a total sentencing package. Is this decision within our discretion as to whether to open the other counts or not? Is that a discretionary decision for us, or is there a law that says we have to do X on certain facts and Y on other facts? It is a discretionary decision of this court. However, this court and other courts of appeals have generally adopted a presumption that there should be a remand for resentencing when you have interrelated counts. And the test for interrelated counts of this— I don't remember that presumption in Falkenberry. Well, I think the— It seems like pretty thin precedent for that proposition. I mean, I know you make it in the brief, but it seemed pretty thin precedentially. Well, I mean, it is thin admittedly because it's an unpublished opinion, but the court does say and should remand. And I think if you look at— You're talking about the 2012 opinion. I'm talking about the 2012 opinion, yes. Falkenberry? Falkenberry, yes. Falkenberry, the one where we found interdependency, a presumption would be news to me, and I wrote that. Well, I'm referring to the second decision, Judge Kethledge, the one that you didn't write. But the first one is the governing one here. That's the one where we made the interdeterminant determination. Well, the second one, I think, is the one that indicates the court's view on this issue. The part that I'm relying on in the second opinion is where it talks about what's going on with interrelated sentences. And what the court says is when you have sentences that are interdependent, then it specifically says, when a defendant is convicted of and sentenced for multiple offenses stemming from the same course of conduct and one or more of those convictions is reversed on appeal, the court of appeals can and ordinarily should remain the case for resentencing on the remaining counts. And that's what we're relying on. Ordinarily should, that makes it a presumption. Is that the idea? That's our argument, is that generally that there is... We can look at the record and find that it's unordinary, and that case is no longer compelling us to do this. And I can see that we have the power to do it. I'm just wondering whether our good judgment suggests that we should do it on this record. Let me clarify the government's position. The government's position is that when you have a situation with interdependent sentences, with interrelated sentences, with sentences that form part of the same sentencing package, there's various languages used to describe it. When you have that situation, the best and most appropriate course for a court of appeals is to remain for resentencing. The only logical thing that's at issue here in my mind is the 300 months. Because the other, I mean, you wouldn't concede it, but it was hard for you to differ with the idea that when it's a concurrent sentence, it's hard to suggest that it might be larger. So the real issue here is the 300 months. And I agree with you, Judge Rogers. So the 300 months is powerful, though, because he's giving a big sentence that includes the 300 months. But now that 300 months was wrongly imposed, and it not only was a concrete amount of time that was added to an amount that he calculated and ascertained, and it reduced the guideline by exactly that amount. Correct? It did reduce the guideline, but he's still... By exactly that amount. But his guideline range is still... His guideline range without the 300 months would have been 300 months less. Yes. Not some other amount. So it's sort of a concrete, discrete amount that he at least gave some indication was not going to affect the rest of his analysis. If we have some judgment discretion room, that would seem to be enough. On the other hand, if we're bound by some rule of law that requires us to deem that to be interdependent, then you have a stronger argument, and that's why I'm asking whether there is such a thing or not. You're basically saying no, I guess. Well, I'm saying the problem is that the court hasn't, this court or any other court hasn't very clearly specified when sentences are to be viewed as interdependent. It's our position that this case is an excellent case to answer that question. And I think that the second opinion... Careful, and we might answer it wrong. Well, we're willing to take that risk. And we think it's presented and briefed. And I think that the best way, if you look at it, is the second Falkenberry opinion, where it says that when you have multiple offenses stemming from the same course of conduct, generally that's going to result in a situation where the sentences are going to be interrelated. And that stems from what's going on in sentencing under 3553A, that the court is tasked with constructing a sentence that is sufficient but no greater than necessary. And... We accept your argument on the facts and circumstances of this case. Can you posit a situation where a vacated count of some measure would not result in interdependency? Yes. I think our position is that for something to not be interdependent, you would need some crystal clear evidence in the sentencing transcript that the judge, in fact, was not doing that total sentencing package, was, in fact, treating the counts as completely separate. Obviously, there's a dispute among the parties as to whether the transcript in this case reflects that. But another example might be where you have a defendant who is charged in two separate indictments but then is ultimately sentenced at the same time. I think there would be, based on separate courses of conduct, I think there would be a reasonable argument that in that situation those sentences are not interdependent. Our position is, though, that... Well, if they're separate courses of conduct, then all of this case law doesn't apply, correct? Well, the case law says that if... And the 924C cases don't apply, that Faulconberry doesn't apply. None of the cases, I think, that either party has addressed to us yield a factual pattern where we've got separate courses of conduct. Am I right about that? That's correct, because all these cases are involving interdependent sentences. I'm trying to give you an example of when sentences might not be interdependent. And it is our position that it's going to be rare that sentences would not be interdependent because of the nature of 3553A, because of the nature of what's going on in sentencing. And I urge the court... Because of the parsimony clause? That's what you're saying? Yes, I urge the court to look at... Okay, but the parsimony clause is a determination as to all of the convictions at issue, including the ones that go away. Yes. But, I mean, that doesn't necessarily mean that they're interdependent. It might be a sum of all those convictions and, you know, 3553. I mean, I don't see how the parsimony necessarily leads to interdependence as opposed to a simple, you know, sum. Well, it's the parsimony combined with the advisory guidelines. I mean, what the guidelines tell you to do is it tells you to group counts together and it tells you to come up with this sort of sentencing range and then stack sentences in a way to achieve the sentencing range as long as that's permitted by the relevant statutory minimums and maximums. And I think the whole thrust of what the district court is supposed to do at sentencing and the Supreme Court has consistently said this over and over again. Grouping in this case, 2G1 or whatever it is, was there... I mean, that argument would suggest, well, maybe we apply a presumption if the vacated convictions were grouped with ones that weren't vacated. Did that happen here? One of the vacated convictions... Yes or no, did that happen? Oh, I'm sorry. Okay. One of the vacated convictions is grouped with... Count 4 is grouped with the other drug counts. Count 5... Count 5 is sort of grouped, but the guidelines obviously recognize that the statute requires a mandatory consecutive sentence. And our position is that what the district court was doing here, and I think this is clear from the sentencing transcript, is it was looking at this all of the criminal conduct and saying, how do I get at a sentence that is sufficient but no greater than necessary? Part of its analysis was a recognition that it had to impose two consecutive five-year and a consecutive 25-year. And our position is that affected the district court's assessment of what would be an appropriate sentence for the other counts to ensure that altogether you're having a sentence that's sufficient but no greater than necessary. I see my time... If we say that in an opinion, isn't that going to be contrary to the interests of prosecutors? Where when the other side comes in and says, you know, there's this additional sentence here, and the Sixth Circuit has now told you that you have to take that into account when you're evaluating the rest of the sentence, and so therefore undermining the effect of those statutory increments. Well, admittedly, Judge... I can just imagine all kinds of cases where you all are going to be up here arguing the opposite and trying to distinguish this very case if we rule in your favor. Admittedly, Judge, this rule I would submit does generally benefit interdependence more than it benefits the government. But the reason we're advocating for it is because we think it's the right rule. I mean, we're the Department of Justice. We're not simply a Department of Prosecution. That's a great answer. And I just wanted to point the court, in terms of understanding this whole analysis about interdependence and 924C, there's actually a couple of great cases from other circuits that are unfortunately not cited in the briefs that I think are very helpful for understanding this. You know, I mean, citing stuff that's... arguing stuff that's not in the briefs just creates a lot of headaches. I mean, I don't know. I'm not cutting you off, but you saw this morning. It's like, okay, now we've got to get a letter. Certainly. I'm not cutting you off. The presiding judge is in charge. I am, though. I think your time is up. Okay. Thank you. Thank you, Judge. Thank you, Your Honors. Just a few points in rebuttal. First, to the question of whose discretion is at stake here. It's not the district court's discretion that's at stake. It's this court's discretion. It's Section 2106 that commits to this court's discretion the judgment of what to do with the rest of the judgment. Normally, though, we would send it back and let the judge get the new lay of the land and come up with what's a just answer. That's exactly what this court would do in a normal case. It said that it would do that. That's what it ordinarily should do. But this is not the ordinary case. And it's not the ordinary case because we have the sentencing transcript before us and we have the statements on page 68 that couldn't address this issue more clearly in terms of at least the interdependence arguments made in the district court. I think we understand that. The second point has to do with this discussion of grouping and the colloquy between the government and Judge Kethledge. It is true that Count 4 was grouped with Counts 1 and 2, with the other drug counts, under the guidelines. Of course, Count 4 is also the count on which the district court imposed a 120-month sentence concurrent to a 262-month sentence on the other counts. And the government doesn't have an explanation for how vacature of a lesser concurrent count could cause the rest of the sentences to change. So while there was grouping, that doesn't establish any interdependence that's relevant in this case. This leads to my third point, and we're left with the 25-year consecutive sentence on Count 5. There's nothing in the sentencing transcript that suggests the court viewed Count 5 any differently than what it is, which is a 25-year sentence for someone who committed a second Section 924C offense. Well, of course, once, hopefully, this court vacates that count, there won't be a second 924C offense. Are you suggesting that Judge Greer gave no consideration to the sentence that he imposed on Count 1, gave no consideration to the fact that he had to give the 25-year mandatory minimum? You're not suggesting that, are you? I am suggesting that there is no evidence in the record that he gave that indication. And as an appellate court, the record is the basis for this court's decision. That's not to say the court didn't take into account the fact that Mr. Foster had a firearm in furtherance of those drug offenses. Our position is that those facts are simply taken into account by his existing conviction on Count 3. So I'm not saying the firearm was simply and completely irrelevant to the remainder of the judgment. On the contrary, it forms a very important part of it. What I'm saying is that the additional punishment for committing a second 924C offense played no role, at least on the record before us, in the imposition of the other sentences. And I'd like to add to that the fact that this court has not vacated in similar circumstances in the past. If you look at United States v. Taylor, which we said on page 21 of our brief, in that case, this court vacated a second section 924C conviction. At the time of that case, it carried a mandatory consecutive 20-year sentence. And after doing so, this court did not remand. It simply vacated the count that was duplicitous. When did that case come down? I believe it was 1994. All right, so that's pre-Booker, and it's a 924C case in which the guidelines would have required, in the absence of the 924C conviction, would have required a two-level enhancement, correct? That's not the analysis of the court in that case. I don't believe the second possession would have affected the other guidelines cases. There are cases where a first offense would affect the other guidelines cases. Judge Maloney, you mentioned that it was a pre-Booker case, but we don't think that makes a difference. Even pre-Booker, there was at least a sentencing range, albeit a mandatory one, within which the judge had to sentence. So there would have been a point to a remand if the sentences had been interdependent. The court could have considered on remand where to go within that range. District judges have a lot more running room, if you will, to use a sports analogy, have a lot more running room now than they did before. And we don't take issue with that. It still comes down to whether and how the district court exercised that discretion in this case. So I take it your position is that the panel should not try to proscribe a broad-based rule, but rather just take a look at the individual record and make a case-by-case decision as to whether these sentences are interdependent or not, as opposed to giving guidance that is broader. That's exactly right, Judge Maloney. It's a case-by-case analysis that's necessitated by the fact that, number one, it's the government's burden in each case to satisfy the Section 2106 burden, and that, number two, the sentencing transcript may very well vary in different cases. So it's absolutely an individualized inquiry. And so we ask that this Court vacate Counts 4 and 5 and leave the other counts as is. Thank you. And, Mr. Leo, I see that you were appointed under the Criminal Justice Act. We appreciate your fine advocacy. Thank you also to the government attorney, and the case will be submitted.